UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0212(1) (PJS/JSM) |
| Plaintiff, | Case No. 13-CV-0522 (PJS) |
| v. | ORDER |
| MICHAEL FIORITO, | |
| Defendant. | |

Defendant Michael Fiorito was convicted by a jury of six counts of mail fraud and one count of conspiracy to commit mail fraud, and was thereafter sentenced to a total of 270 months in prison. Fiorito's conviction and sentence were affirmed on appeal. Fiorito currently has pending before the Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 503. That motion is based in part on claims that he received ineffective assistance from his former counsel, Douglas Altman, during the underlying proceedings. Fiorito now requests that the Court order the government not to contact Altman regarding Fiorito's § 2255 motion, arguing that any communication between Altman and the government would violate the attorney-client privilege. ECF No. 518.

The attorney-client privilege may be waived — explicitly or implicitly — by the client. *See United States v. Tyerman*, 701 F.3d 552, 559 (8th Cir. 2012). For example, a client implicitly waives the attorney-client privilege when he "attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence." *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). "[A] client is not free to make various allegations of misconduct and

incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege." *Id*. *See also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (collecting "ample, unanimous federal authority" from several jurisdictions in accordance with *Tasby*).

Fiorito seeks to do exactly what the Eighth Circuit has said he cannot do: collaterally attack his sentence on the basis of ineffective assistance of counsel, but use the attorney-client privilege to prevent Altman from responding to Fiorito's allegations. Fiorito cannot use the "attorney-client privilege 'as both a shield and a sword.'" *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (quoting *United States v. Workman*, 138 F.3d 1261, 1264 (8th Cir. 1998)). When Fiorito filed a § 2255 motion on the basis of ineffective assistance of counsel, he waived the attorney-client privilege as to any topics directly implicated by his ineffective-assistance claims. *See Tasby*, 504 F.2d at 336.

Accordingly, Altman may disclose — inside and outside of court — any communications that he had with Fiorito regarding any topic directly implicated by Fiorito's ineffective-assistance claims. Communications that Altman had with Fiorito about topics that are not related to his ineffective-assistance claims remain protected by the attorney-client privilege. *See, e.g.*, *United States v. Olivares-Rodriguez*, No. 09-CR-4048-DEO, 2013 WL 85195, at *2 n.2 (N.D. Iowa Jan. 7, 2013) ("A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim.") (citing *Pinson*, 584 F.3d at 978; *Tasby*, 504 F.2d at 336).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Michael Fiorito's motion to prohibit the government from contacting Douglas Altman [ECF No. 518] is DENIED.

Dated: April 2, 2013         s/Patrick J. Schiltz
                             Patrick J. Schiltz
                             United States District Judge